**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:20-cv-00113-LLK**

**FRED D. SHIRLEY**                                                                                                **PLAINTIFF**

**v.**

**ANDREW SAUL, Acting Commissioner of Social Security**                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Docket Number ("DN") 17 and DN 25. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 15].

Plaintiff's sole argument is that the ALJ erred in finding that his impairments do not satisfy Listing 1.04(A). Because the argument is unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff's Listing 1.04(A) argument is unpersuasive.**

Listing § 1.04(A) provides that the following medical impairment is per-se disabling:

1.04. Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

Listing § 1.04(A), Appendix 1, 20 C.F.R. The Commissioner' program physician, Donna Sadler, M.D., found that Plaintiff's impairments do not satisfy Listing 1.04(A). [DN 13 at 81]. The ALJ found that Plaintiff's

impairments[1] do not satisfy Listing 1.04(A). *Id.* at 19-20. Plaintiff argues that the ALJ erred in finding that his impairments do not satisfy Listing 1.04(A). [DN 17 at 2-5].

Plaintiff carries the burden of proving that the clinical criteria of the Listing are satisfied, and this burden is construed strictly because the Listing represents an automatic screening in of an impairment as per-se disabling (independently of any other medical or vocational factor). *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Plaintiff's argument is unpersuasive because he does not cite to specific evidence in the administrative record of: 1) "compromise of a nerve root (including the cauda equina) or the spinal cord"; 2) "nerve root compression characterized by neuro-anatomic distribution of pain"; 3) "limitation of motion of the spine"; 4) "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss"[2]; and 5) "positive straight-leg raising test (sitting and supine)."[3] Listing 1.04(A). The Court declines to search (on its own initiative, going beyond what Plaintiff himself cites) 1,258 pages of the administrative record in search of clinical evidence supporting or undermining Plaintiff's Listing 1.04(A) argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

---

[1] The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, impairments, which are relevant for Listing 1.04(A) purposes: "disc degeneration of the lumbosacral region with spinal stenosis and radicular pain status post lumbar spine surgery, gouty arthritis, arthritis of the left should and left knee status post left knee surgery." [DN 13 at 18].
[2] The ALJ found that Plaintiff has "generally normal reflexes, coordination, muscle strength, and tone, with only mild right-sided weakness." [DN 13 at 20].
[3] According to the Commissioner, "the record contains evidence of negative straight leg raising." [DN 25 at 8 citing DN 13 at 662, 768, 974].

In support of his position, Plaintiff cites *Smith-Johnson v. Comm'r*, 579 F. App'x 426 (6th Cir. 2014) and *Reynolds v. Comm'r*, 424 F. App'x 411 (6th Cir. 2011), [DN 17 at 2] – two cases that factored prominently in this Court's recent decision in *Tomes v. Comm'r*. No. 1:19-CV-00139-LLK, 2020 WL 2776501 (W.D. Ky. May 28, 2020).[4]  In *Tomes*, this Court found that the ALJ's decision itself discussed evidence that arguably satisfied the Listing.  The Court found that a remand was required for two reasons:  [1] The "record raises a substantial question" as to whether Tomes could qualify as disabled under the Listing, and [2] The ALJ's Listing findings were inadequate to "facilitate meaningful judicial review."  *Tomes* (quoting *Smith-Johnson* and *Reynolds*).  In this case, in contrast, the ALJ's decision did not discuss evidence that arguably satisfied the Listing.

### Order

Because Plaintiff's sole argument is unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

June 11, 2021

Lanny King, Magistrate Judge
United States District Court

---

[4] Plaintiff's counsel in the present case represented Tomes.